

1401 Eye Street NW, Suite 800, Washington, DC 20005  •  (202) 783-3300

February 24, 2025

Chad Landmon
202.626.8303
202-379-7672
clandmon@polsinelli.com

Jarrett B. Perlow
Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

   RE: *Acadia Pharm. Inc. v. Aurobindo Pharma Ltd.*, No. 24-1401 (Fed. Cir.)

Dear. Mr. Perlow:

   Pursuant to Federal Rule of Appellate Procedure 28(j) and Federal Circuit Rule 28(i), we write to inform the Court of *Allergan USA, Inc. v. MSN Laboratories Private Ltd.*, 111 F.4th 1358 (Fed. Cir. 2024) (attached). In the context of an obviousness-type double patenting ("OTDP") issue, the *Allergan* panel held that a first-filed, first-issued, later expiring claim cannot be invalidated by a later-filed, later-issued, earlier-expiring reference claim having a common priority date. This stemmed from their conclusion that the "primary goal" of the OTDP doctrine is to "prevent an unjustified timewise extension of patent exclusivity beyond the life of a patent." *Id.* at 1367.

   Appellee Sun Pharmaceutical Industries Limited ("Sun") filed a rehearing petition, and the Court invited a response. Invitation to Respond to Petition for Rehearing, *Allergan v. MSN,* 111 F.4th 1358 (Fed. Cir. 2024). The petition was withdrawn by Sun without decision. Withdrawal of Petition for Rehearing, *Allergan v. MSN,* 111 F.4th 1358 (Fed. Cir. 2024).

   Pursuant to Federal Circuit Rule 40(a)(4), we respectfully request the Court to hear the current case *en banc* to overrule the precedent established in *Allergan*. Specifically, the *Allergan* panel failed to consider that the second, important function of OTDP is to prevent "multiple infringement suits by different assignees asserting essentially the same patented invention." *In re Hubbell*, 709 F.3d 1140, 1145 (Fed. Cir. 2013). The OTDP doctrine accomplishes this by invalidating the later-expiring patent unless the patentee files a terminal disclaimer to the earlier-expiring patent. Terminal disclaimers ensure there will be only one full patent term for a single invention and that the patents will remain commonly owned for the duration of that term. Reply Brief for Appellant at 9-11, *Acadia*, No. 24-1401. The *Allergan* opinion extends the patent protection of one invention beyond a full statutory term and creates a loophole that allows separate entities to own and enforce obvious variants of the same patented invention.  This undermines the



February 24, 2025
Page 2

Federal Circuit's OTDP jurisprudence and subjects generic drug manufacturers to multiple assignee lawsuits over the same invention.

We offer to brief the issue more fully if the Court is amenable to such briefing.

Sincerely,

/s/Chad Landmon/

Chad Landmon

Attorney for Defendants-Appellants MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that the service will be accomplished by the appellate CM/ECF system.

/s/Chad Landmon
Chad Landmon

Attorney for Defendants-Appellants MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals, Inc.

## CERTIFICATE OF WORD COUNT COMPLIANCE

I hereby certify that the forgoing complies with the word count limitations set forth in Federal Rules of Appellate Procedure Rule 28(j) and contains 350 words in the body of the letter.

/s/Chad Landmon
Chad Landmon

Attorney for Defendants-Appellants MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals, Inc.