

+1(212) 318-6797
chadpeterman@paulhastings.com

March 3, 2025

**VIA ECF**

Jarrett B. Perlow
Circuit Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Re:   *Acadia Pharm. Inc. v. Aurobindo Pharma Ltd.*, No. 24-1401 (Fed. Cir.)

Dear Mr. Perlow:

Appellee Acadia Pharmaceuticals Inc. respectfully responds to Appellants' supplemental authority and request for initial hearing *en banc* letter (Dkt. 27) regarding this Court's unanimous obviousness-type double patenting ("ODP") decision in *Allergan USA, Inc. v. MSN Lab'ys Priv. Ltd.*, 111 F.4th 1358 (Fed. Cir. 2024).

In *Allergan*, this Court held that ODP "prevent[s] patentees from obtaining a *second* patent on a patentably indistinct invention to effectively extend the life of a *first* patent to that subject matter." *Id.* at 1369.  Thus, "the first patent to ever be filed, and to ever issue, with claims to" an invention is "not subject to ODP … because it is not a *second*, later expiring patent for the same invention." *Id.*  As Appellants' request for initial hearing *en banc* acknowledges, *Allergan* controls here and supports affirming the district court's decision.  *Id.* at 1368-71.

Appellants' request for initial hearing *en banc*, made 89 days after Sun's petition for rehearing *en banc* was withdrawn, is improper.  Fed. R. App. P. 40(g), (b)(2), (c), and (d)(2)-(5); Fed. Cir. R. 40(a)(3)-(5), (b)(2), (c)(2), and (f)(2).  Additionally, Appellants forfeited their "multiple assignees" argument by not raising it in their opening brief.  *See, e.g.*, *DDR Holdings, LLC v. Priceline.com LLC*, 122 F.4th 911, 918 (Fed. Cir. 2024); Dkt. 27 (only citing to "Reply Brief for Appellant [sic] at 9-11, *Acadia*, No. 24-1401"); Dkt. 9 (Opening Brief for Appellants).  Furthermore, Appellants' request amounts to nothing more than "an improper incorporation by reference" of the forfeited argument in their Reply Brief, which is a violation of Fed. R. App. P. 28(j) and a "fundamentally unfair" attempt "to use incorporation to exceed word count." *Medtronic, Inc. v. Teleflex Life Scis. Ltd.*, 86 F.4th 902, 906-07 (Fed. Cir. 2023).  Regardless, Appellants fall short of meeting the exacting standards for *en banc* review.  Appellants fail to identify any legal conflict between *Allergan* and this Court's or Supreme Court precedent.  Fed. R. App. P. 40(b)(2).  Nor do they identify any precedent-setting questions of exceptional importance.  *Id.*



March 3, 2025
Page 2

While Acadia does not believe that additional briefing is necessary, Acadia would certainly provide such briefing if requested by the Court.

Respectfully submitted,

*/s/ Chad Peterman*

Chad Peterman

*Counsel for Appellee*
*Acadia Pharmaceuticals Inc.*

cc: Counsel of Record (via ECF)