NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ACADIA PHARMACEUTICALS INC.,**
*Plaintiff-Appellee*

v.

**AUROBINDO PHARMA LTD., AUROBINDO PHARMA USA, INC., TEVA PHARMACEUTICALS USA, INC.,**
*Defendants*

**MSN LABORATORIES PRIVATE LTD., MSN PHARMACEUTICALS, INC.,**
*Defendants-Appellants*

---

2024-1401

---

Appeal from the United States District Court for the District of Delaware in Nos. 1:20-cv-00985-GBW, 1:20-cv-01029-GBW, Judge Gregory Brian Williams.

---

Decided: June 9, 2025

---

CHAD PETERMAN, Paul Hastings LLP, New York, NY, for plaintiff-appellee. Also represented by PETER E. CONWAY, SCOTT FREDERICK PEACHMAN, BRUCE M. WEXLER; FELIX EYZAGUIRRE, Houston, TX.

CHAD A. LANDMON, Polsinelli PC, Washington, DC, for defendants-appellants. Also represented by CHRISTOPHER JONES; THOMAS K. HEDEMANN, Axinn, Veltrop & Harkrider LLP, Hartford, CT.

_____

Before MOORE, *Chief Judge*, LOURIE and BRYSON, *Circuit Judges*.

MOORE, *Chief Judge*.

MSN Laboratories Private Ltd. and MSN Pharmaceuticals, Inc. (collectively, MSN) appeal an order from the United States District Court for the District of Delaware granting summary judgment of no invalidity because it held claim 5 of U.S. Patent No. 9,566,271 cannot be an obviousness-type double patenting (ODP) reference for claim 26 of U.S. Patent No. 7,601,740. Both parties agree this case is entirely controlled by our recent decision in *Allergan USA, Inc. v. MSN Laboratories Private Ltd.*, 111 F.4th 1358 (Fed. Cir. 2024), which issued after briefing in this case was completed. Citation of Suppl. Authority at 1–2 (Feb. 24, 2025), ECF No. 27 (MSN 28(j) Ltr.); Resp. to Citation of Suppl. Authority at 1 (Mar. 3, 2025), ECF No. 28. MSN recognizes its only recourse is en banc action. MSN 28(j) Ltr. at 1. We apply *Allergan*'s holding that "a first-filed, first-issued, later-expiring claim cannot be invalidated by a later-filed, later-issued, earlier-expiring reference claim having a common priority date," 111 F.4th at 1369, and conclude claim 5 of the '271 patent is not a proper ODP reference that can be used to invalidate claim 26 of the '740 patent.[1]

**AFFIRMED**

_____

[1] We do not reach the district court's alternative ground for rejecting ODP—that the safe harbor provision of 35 U.S.C. § 121 protects the '740 patent against the '271 patent. J.A. 6–12; MSN Br. 20–38; Acadia Br. 30–64.